UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAY THOMAS,

        Petitioner,        Case Number: 2:18-CV-13829
                                       HON. ARTHUR J. TARNOW

v.

THOMAS WINN,

        Respondent.
                                     /

## ORDER GRANTING PETITIONER'S MOTION TO AMEND MOTION FOR DISCOVERY (ECF NO. 22), DENYING PETITIONER'S MOTION FOR DISCOVERY (ECF NO. 21), AND DENYING PETITIONER'S MOTION FOR BOND (ECF NO. 25)

      Michigan state prisoner Michael Ray Thomas filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for possession of child sexually abusive material, using a computer to commit possession of child sexually abusive material, and unlawful use of the internet to solicit child sexually abusive material. On May 16, 2019, the Court appointed counsel to represent Thomas. Now before the Court are three motions filed by counsel: Motion for Discovery, Motion to Amend Motion for Discovery, and Motion for Bond.

**I.     Background**

In 2012, Thomas became the subject of a police investigation after Paul McNeil contacted the Ferndale Police Department in September of that year to report that he had an email exchange with an individual who asked about sexual activity with children.  The individual sent McNeil a photograph showing sexual activity between a young female and a male and asked McNeil to sent nude photographs of his children.  Police traced the email address to Thomas and obtained a search warrant for Thomas's home.  Police seized a number of computers and electronic storage devices from Thomas's home.  A forensic computer expert with the Oakland County Sheriff's Department, recovered 115 images of child pornography.

The prosecution also presented evidence of an email exchange from late 2011 to early 2012 between Detective Marcus Penwell of the Franklin County (Ohio) Sheriff's Department and another individual who used the same email address used in communications with McNeil.  The person sent Penwell several images of young children engaged in sexual activity and asked Penwell to send similar images.  Penwell contacted the New Baltimore Police Department to share this information after determining that the email originated from a physical address in New Baltimore's jurisdiction.

At trial, Thomas did not dispute that child sexually abusive material was found on his computers but denied that he was the person who communicated with McNeil or placed any of the images on the computers.

## II. Discussion

### A. Discovery Motions

Thomas filed a motion for discovery and two weeks later filed a motion to amend the motion for discovery to correct a factual inaccuracy in the original pleading. The Court will grant the motion to amend.

Thomas seeks discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A district court, in its discretion, may grant discovery in a habeas case "upon a fact specific showing of good cause under Rule 6." *Stanford v. Parker*, 266 F.3d 442, 460 (6thCir. 2001). Rule 6 "embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2003) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). The

moving party bears the "burden of demonstrating the materiality of information requested." *Stanford*, 266 F.3d at 460.

Thomas seeks discovery from four law enforcement agencies, Google, and Comcast. First, he asks for discovery of these items from the three Michigan law enforcement agencies involved in his criminal case (Ferndale Police Department, Oakland County Sheriff's Department and New Baltimore Police Department): investigation reports, PCRs (Preliminary Complaint Reports), warrant requests, lab reports, forensic reports, and seized evidence. (ECF No. 21, PageID.2060-61.) These items, Thomas argues, will allow him to "determine the scope of trial counsel's failure to investigate Petitioner's defense." (*Id.* at PageID.2061.) Thomas's general request for a broad swath of documents, reports, and evidence fails to satisfy Rule 6's "good cause" standard. The "good cause" standard requires a petitioner to identify something he expects to undercover through the discovery requests. *See Williams*, 380 F.3d at 976. Many of the materials sought were introduced at Thomas's trial and admitted without objection indicating the materials were produced prior to the trial. To the extent that the requested discovery was not available to the defense prior to trial, Thomas submits no "specific allegations of fact" which would make his discovery request anything more than an unsanctioned "fishing expedition[] based on ... conclusory

4

allegations." *Id.* at 974.

Second, from the Franklin County (Ohio) Sheriff's Department, Thomas seeks:

> [D]iscovery to identify information relating to prior acts, as described by Detective Marcus Penwell ... in the trial transcript. Access to the records may assist in determining if the testimony was properly admitted into evidence.

*Id.*

This request, without more specificity, is an impermissible fishing expedition. Further, the habeas claim related to this request alleges that the trial court erroneously admitted other acts evidence under Michigan Rule of Evidence 404(b). Thomas raises this claim only as an alleged violation of state law. Habeas relief "does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Thomas, accordingly, does not show that development of this issue might demonstrate that he is entitled to relief.

Finally, Thomas requests permission to issue two non-party subpoenas to Comcast and Google which "may lead to exculpatory evidence." (ECF No. 21, PageID.2061.) As with Thomas's other discovery requests, this one is overly broad and based upon hope and speculation. The request lacks support, e.g. an expert witness affidavit, to explain how this discovery is necessary to bolster Thomas's habeas claims or could supply relevant information omitted from the

original investigation.

The Court will therefore deny Thomas's discovery requests. This dismissal is without prejudice to Thomas's ability to seek discovery with a proper showing of good cause.

### B. Motion for Bond

Thomas seeks release on bond pending a decision on his habeas corpus petition. Release on bond pending a decision on the merits of a habeas corpus petition is rarely granted. To qualify for release, a petitioner must show: (1) a substantial claim of law based on the facts surrounding the petition, and (2) the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Thomas raises four claims for habeas relief. The standard of review applied to a federal habeas corpus petition is an "exacting" one. *Bush v. Warden, Southern Ohio Correctional Facility*, 573 F. App'x 503, 513 (6th Cir. 2014). The Michigan

Court of Appeals ruled on the merits of each of the claims raised in the petition. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), *citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Thomas challenges presumptively valid state court convictions and both state appellate courts have affirmed the convictions. Given the high level of deference afforded state court decisions on habeas review, the Court finds that this factor weighs against granting release on bond. The Court's appointment of counsel for Thomas does not change this analysis. The Court's order appointing counsel was not, as Thomas implies, a comment on the merits of the petition or on the likelihood of success.

Thomas argues that his family support, service in the United States Army, prior compliance with bond conditions, and excellent institutional record also support his release on bond. These factors may prove relevant to future parole consideration by the Michigan Parole Board, but they are not relevant to consideration of a habeas petitioner's request for release on bail because a habeas petitioner's conviction is final and presumptively valid. *Accord Villa v. Straub,* No. 502-cv-128, 2005 WL 1875091, *1 (W.D. Mich. Aug. 5, 2005) (habeas petitioner's argument for bond based, *inter alia*, on strong family ties was "neither

7

unique nor compelling").

Thomas maintains that the short term that remains on his sentence constitutes an extraordinary circumstance warranting his release on bond. The time period remaining on a habeas petitioner's sentence may, in certain situations, constitute extraordinary circumstances. *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992) (finding special circumstances may arise when time remaining on a prisoner's sentence is so short there was a danger that the petitioner would already have completed his sentence before habeas relief could be granted). In this case, however, the Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Thomas's earliest release date is in 2027.[1] The time remaining on his sentence is substantial.

Finally, Thomas's claim of actual innocence also does not amount to an extraordinary circumstance. A habeas petitioner "comes before the court with a strong – and in the vast majority of cases conclusive – presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n. 42 (1995). Thomas's actual innocence claim is not uncommon nor is it compelling enough to warrant release on bond.

Accordingly, the Court GRANTS Petitioner's Motion to Amend (ECF No.

---

[1] The Court may take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

22), and DENIES Petitioner's Motion for Discovery (ECF No. 21) and Motion for Bond (ECF No. 25).

SO ORDERED.

                                    s/Arthur J. Tarnow
                                    ARTHUR J. TARNOW
                                    UNITED STATES DISTRICT JUDGE

Dated: February 20, 2020