UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Ray Thomas,

        Petitioner,                        Case Number: 2:18-13829
                                                Honorable Arthur J. Tarnow

v.

Gary Miniard,[1]

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR EVIDENTIARY HEARING**

This habeas corpus case is before the Court on Petitioner's Motion for Evidentiary Hearing. (ECF No. 32.) Respondent opposes the Motion (ECF No. 33) and Petitioner has filed a reply brief (ECF No. 34.)

Petitioner alleges that his defense counsel was ineffective for failing to present a qualified expert in computer forensics, failing to present exculpatory evidence during trial, and failing to present evidence to impeach Alexander Waschull during trial. Petitioner seeks an evidentiary hearing to develop facts not yet in the record to support these claims.

---

[1] The proper respondent in a habeas action is the petitioner's custodial. *See* Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. Petitioner is presently incarcerated at the Saginaw Correctional Facility where Gary Miniard is the Warden. The Court directs the Clerk of Court to amend the case caption to substitute Gary Miniard as the respondent.

Title 28 U.S.C. § 2254 limits the facts that a federal court may consider on habeas review.  When the state court decides a claim on its merits, the federal habeas court "is limited to the record that was before the state court that adjudicated the claim on the merits" because the federal habeas scheme was designed to leave "primary responsibility with the state courts."  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).  "[R]eview under § 2254(d)(1) focuses on what a state court knew and did." *Id.*  The Michigan Court of Appeals issued a decision on the merits of Petitioner's ineffective assistance of counsel claims, *see People v. Thomas*, No. 329750, 2017 WL 1967475, at *7-9 (Mich. Ct. App. May 11, 2017).  This Court therefore may not allow an evidentiary hearing to supplement the existing state court record.  *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013).

Additionally, an evidentiary hearing is not available to Petitioner under 28 U.S.C. § 2254(e)(2) or under *Martinez v. Ryan*, 566 U.S. 1 (2012).  Section 2254(e)(2) applies only if a petitioner has already satisfied § 2254(d) or if the federal court is deciding claims that were not adjudicated on the merits in state court.  *See Cullen*, 563 U.S. at 185-86.  Under *Martinez*, a court may allow a petitioner to expand the record to establish cause and prejudice to excuse an underlying default.  *Martinez*, 566 U.S. at 14; *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013).  *Martinez* is inapplicable here because Petitioner's ineffective assistance of counsel claims are not procedurally defaulted.  *Moore*, 708 F.3d at 785.

Accordingly, the Court DENIES Petitioner's Motion for Evidentiary Hearing (ECF No. 32).

3

**SO ORDERED**.

                                                  s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

Dated: September 20, 2021