UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL RAY THOMAS**,<br><br>Petitioner,<br><br>vs.<br><br>**THOMAS WINN**,<br><br>Defendant. | 2:18-CV-13829-TGB-PTM<br><br>**ORDER GRANTING PETITIONER'S MOTIONS FOR EXTENSIONS OF TIME (ECF NOS. 40, 41, 42),**<br><br>**GRANTING EX PARTE MOTION FOR LEAVE TO FILE OVERSIZED BRIEF (ECF NO. 44), AND**<br><br>**DENYING MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 45)** |

This matter is before the Court on pro se Petitioner Michael Ray Thomas's motion to amend or alter the Court's Order and Judgment denying his petition for a writ of habeas corpus. ECF No. 45. At the outset, the Court **GRANTS** Petitioner's motions for extensions of time to file the present motion that would otherwise be untimely. ECF Nos. 40, 41, and 42. The Court also **GRANTS** Petitioner's ex parte motion for leave to file an oversized brief in support of amending the judgment. ECF No. 44. For the reasons that follow, however, Petitioner's motion to amend the judgment is **DENIED**.

1

## I. STANDARD OF REVIEW

The Court liberally construes Petitioner's motion as requesting that the Court alter or amend its judgment under Federal Rule of Civil Procedure 59(e).[1] *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997). The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotations omitted).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Relatedly, Rule 59(e) cannot be used to raise new arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

## II. DISCUSSION

Petitioner has failed to identify any valid reason for amending or altering this Court's judgment under Rule 59. The Court has previously

---

[1] Petitioner files this motion pursuant to Federal Rule of Civil Procedure 52(b). But under Rule 52(a)(3), the Court's Order denying Petitioner's habeas petition did not make formal findings of fact. As such, rather than deciding Petitioner's motion under Rule 52(b), the Court construes it as a motion to alter or amend the judgment under Rule 59. Moreover, "the Rule 52(b) standard is the same as that for a Rule 59(e) motion." *Brown v. Owens Corning Inv. Rev. Comm.*, No. 3:06 CV 2125, 2009 WL 1362607, at *1 n.1 (N.D. Ohio May 13, 2009), *aff'd*, 622 F.3d 564 (6th Cir. 2010).

2

given full consideration to Petitioner's arguments, as well as the reframed versions of those arguments in the present motion, and finds them meritless.

First, Petitioner has not pointed to any clear legal errors in the Court's Order denying his habeas petition. Petitioner refutes the Court's conclusions on his four habeas claims: (1) admission of other acts evidence; (2) sufficiency of the evidence; (3) prosecutorial misconduct; and (4) ineffective assistance of counsel. Moreover, Petitioner specifically argues that the Court erred in applying the *Jackson* rule to the state courts' findings. ECF No. 45, PageID.2660.

Because a motion to amend the judgment is not an opportunity to relitigate the case, the Court will not reiterate its findings on Petitioner's four substantive habeas claims. The Court understands Petitioner's arguments to express strong disagreement with its decision, but as the Court concluded, Petitioner has not established by clear and convincing evidence that the state court's factual determinations are incorrect. ECF No. 38, PageID.2191, PageID.2199. Among other issues, the Court has already considered Petitioner's factual arguments that he was unaware of the child pornography on the computers, there was no direct evidence of the person who sent the photos to Paul McNeil, multiple people may have used the computers, the evidence was planted, and the router, computers, and certified Google log would have exculpated him. *Id.* at PageID.2192, PageID.2195–96, PageID.2200, PageID.2206–08. And as

3

the Court explained, "weighing all reasonable inferences in the State's favor," and despite conflicting evidence that was ultimately resolved in the prosecution's favor, "there was legally sufficient evidence presented to support the convictions." *Id.* at PageID.2199–200.

Petitioner also points to numerous district and circuit court cases that address the knowledge element of possession of child pornography. ECF No. 45, PageID.2664–68. But such cases cannot support Petitioner's request for habeas relief because a decision "contrary to" or "involv[ing] an unreasonable application of, clearly established Federal law" must be rooted in Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In other words, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As such, cases decided by federal district and circuit courts are irrelevant under § 2254(d)(1).

As to Petitioner's argument on the *Jackson* rule, the Court finds that Petitioner has not identified a "manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). In *Jackson v. Virginia*, the Supreme Court held that a petitioner is entitled to habeas relief if the court reviewing "the record evidence adduced at trial" finds that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. 307, 324 (1979).

4

Here, Petitioner argues that if the Court had "applied the *Jackson* rule itself," rather than "merely reviewing the state court's application of it for reasonableness, it would have reached a different decision." ECF No. 45, 2260. As primary support for his argument that the Court must apply the *Jackson* rule independently, Petitioner cites *Wright v. West*, 505 U.S. 227, 290 (1992). But the pertinent language from *Wright*—a decision lacking a controlling majority of justices—is merely dicta, a discussion of issues that does not have any binding force because it is not part of the Court's holding. Regardless, most recently in *Shoop v. Twyford*, the Supreme Court emphasized that "[t]he question under AEDPA is thus not whether a federal court believes the state court's determination was incorrect, but whether *that determination was unreasonable*—'a substantially higher threshold' for a prisoner to meet." 142 S. Ct. 2037, 2043 (2022) (emphasis added) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *see also Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) ("[W]e must determine whether the [state court] itself was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based upon the evidence introduced at trial.").

Indeed, "factual determinations made by the state courts are presumed to correct" absent clear and convincing evidence. *Brown*, 567 F.3d at 195–96. And even if a habeas court concludes that the conviction was "not supported by sufficient evidence," the primary question is

5

whether the state courts were "objectively unreasonable" in upholding the conviction. *Saxton v. Sheets*, 547 F.3d 597, 607 (6th Cir. 2008). To the extent that Petitioner is merely arguing that the Court must review the underlying record evidence before the state courts, the Court has done so. *See Hand v. Houk*, 871 F.3d 390, 408 (6th Cir. 2017) ("[O]ur review is limited to the record that was before the state court that adjudicated the claim on the merits in the first instance."). Nonetheless, Petitioner improperly urges the Court to "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [the Court's] judgment for that of the jury." *Brown*, 567 F.3d at 205. The Court again declines to do so. ECF No. 38, PageID.2198–99.

Second, Petitioner does not present newly discovered evidence unavailable to him at the time of filing the original habeas petition that warrants amending the judgment.

Third, Petitioner has not pointed to any intervening change in controlling law that requires amending the Court's judgment.

Lastly, Petitioner has not demonstrated that granting his motion under Rule 59(e) is necessary to prevent manifest injustice. In general, a court may not grant a habeas petition even if "the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Therefore, "[s]o long as the state court's fact finding is supportable, we will respect it." *Wesson v. Shoop*, 17 F.4th 700, 704 (6th Cir. 2021). At bottom, "[d]isagreement with a decision fails

6

to allege sufficient grounds upon which to grant reconsideration." *Smith v. Spencer*, No. 17-11090, 2018 WL 827808, at *1 (E.D. Mich. Feb. 12, 2018). Petitioner's motion to amend the judgment must be **DENIED**.

### III. CONCLUSION

Petitioner's arguments do not satisfy the rigorous standards for relief under Rule 59(e). Petitioner's motion to amend the judgment (ECF No. 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 22, 2022     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE